CARTER, Judge.
The court has issued an order, ex pro-prio motu, directing the parties hereto to show cause why the appeal should not be dismissed on the basis that it was taken untimely.
The record establishes the following sequence of events:
April 15,1985 Defendants Rodney K. Brady and State Farm Mutual Insurance Company (hereinafter simply referred to as “defendants”) filed motion for summary judgment against plaintiffs’ claims.
May 15,1985 Defendants filed motion for summary judgment against third party claims and petition of intervention filed by Metropolitan Property Liability Insurance Company.
May 20,1985 Defendants’ first motion for summary judgment heard and denied by Judge James.
*507 July 2,1985 Defendants refiled their second motion for summary judgment.
August 9,1985 Defendants’ second motion for summary judgment heard and denied by Judge Tanner.
September 4,1985 Judgment denying defendants’ first motion for summary judgment signed by Judge James.
September 9,1985 Judgment denying defendants’ second motion for summary judgment signed by Judge Tanner.
September 10,1985 Notice of September 4 and 9 judgments mailed by clerk of court’s office.
September 18,1985 Defendants filed notice of intent to apply for writs to review J. Tanner’s August 9 judgment.
November 6,1985 Appellate court grants writ; J. Tanner ordered to vacate his judgment and render judgment granting defendants’ second motion for summary judgment.
December 2,1985 Judgment rendered and signed by «7. James vacating his September 4 judgment.
December 3,1985 Notice of December 2 judgment mailed by clerk of court’s office.
December 20,1985 Supreme Court reversed action taken by appellate court on defendants’ writ application and reinstated “judgment of the district court denying defendant’s motion for summary judgment.” 479 So.2d 914.
February 28,1986 Defendants filed motion for appeal of December 2,1985 judgment.
Defendants’ motion to appeal the December 2, 1985, judgment was filed 87 days after notice of the judgment was mailed by the clerk’s office. Consequently, we find the appeal was taken untimely. La.Code Civ.P. art. 2087.
We further find this matter to be moot. On December 2, 1985, Judge James obviously vacated his September 4 judgment by mistake, not realizing this court’s order was directed towards Judge Tanner who had ruled on a second motion for summary judgment. However, on December 20, 1985, the Supreme Court reinstated the “judgment of the district court denying defendant’s motion for summary judgment.” Since Judge Tanner never vacated his judgment, the Supreme Court’s order in effect reinstated Judge James’ original judgment on defendants’ first motion for summary judgment. Although the record discloses an unusual chain of events, taken as a whole there is no doubt that the September 4 and 9 judgments still stand.
For the foregoing reasons, the appeal is dismissed at appellants’ costs.
APPEAL DISMISSED.